IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DIVISION

| | | |
|---|---|---|
| JERRY A. GUZZETTA, | § § | |
| *Plaintiff*, | § § § | 5-24-CV-00393-FB-RBF |
| vs. | § § § | |
| PATRICK J. STOLMEIER, INDIVIDUALLY; AND STOLMEIER LAW, | § § § § § | |
| *Defendants*. | § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff Jerry Guzzetta's Motion for Voluntary Dismissal without Prejudice. *See* Dkt. No. 25. The District Court referred all pretrial matters in this case for resolution, pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 28. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, Guzzetta's Motion for Voluntary Dismissal should be **GRANTED** and the case should be **DISMISSED WITHOUT PREJUDICE**.

**Factual and Procedural Background**

Plaintiff Jerry Guzzetta filed this action April 16, 2024, alleging, among other things, legal malpractice against Defendants Patrick Stolmeier and Stolmeier Law. Dkt. No. 1. Guzzetta filed an amended complaint on May 24, 2024. Dkt. No. 20. Guzzetta's original and amended complaints invoke both federal question and diversity jurisdiction. *Id*. at 1; *See also*, 28 U.S.C.

§§ 1331, 1332(a). The claims raised pertain to alleged attorney malpractice by Stolmeier, the result of which allegedly prevented Guzzetta from receiving a judgment of between $1 million to $1.5 million. Dkt. No. 20 at 3.

Although a number of motions are on the docket, at issue here is Plaintiff Guzzetta's Motion to Voluntarily Withdraw. Dkt. No. 25. In it, Guzzetta seeks to dismiss the case without prejudice. In response, Stolmeier and Stolmeier Law argue for a dismissal with prejudice. In the alternative, Defendants request a without-prejudice dismissal accompanied by an award of fees to Stolmeier equaling $32,602.50. *See* Dkt. No. 30 at 10.

## Analysis

### A. Guzzetta Cannot Voluntarily Dismiss Without a Court Order.

Under Federal Rules of Civil Procedure 41(a)(1)(A), a plaintiff may only unilaterally dismiss his action without prejudice by filing a "notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). If the defendant has filed an answer or a motion for summary judgment, then a court order is required for voluntary dismissal. *See id.* 41(a)(2). This rule relates to the timing of the original complaint, and the Fifth Circuit has stated that "the filing of an amended complaint does not revive the plaintiff's absolute right to dismissal under Rule 41(a)(1)(A)(i)." *Welsh v. Correct Care, L.L.C.*, 915 F.3d 341, 343-344 (5th Cir. 2019). The Court may set terms for dismissal. Fed. R. Civ. P. 41(a)(2).

Here, Defendants filed an answer to Plaintiff Guzzetta's April 16 original complaint on May 13, 2024, Dkt. No. 11, and filed an answer to Guzzetta's May 24 amended complaint on June 5, 2024. Dkt. No. 31. Guzzetta filed his Motion for Voluntary Dismissal on May 31, 2024, which was after the amended complaint but before Defendants answered it. Dkt. No. 25. Because

Defendants answered Guzzetta's original complaint prior to Guzzetta's motion, Guzzetta cannot utilize Rule 41(a)(1)(A) for a voluntary dismissal without a court order. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). Although Guzzetta urges that he is entitled to dismiss without prejudice due to Defendants' failure to respond to the amended complaint prior to the filing of the present motion, this argument is foreclosed by *Welsh*, 915 F.3d at 343-344.

### B.  The Action Should be Dismissed Without Prejudice.

**1.**  *Stolmeier will not be prejudiced by a dismissal.* A motion for voluntary dismissal under 41(a)(2) should typically be granted without prejudice, unless the non-moving party will suffer some plain legal prejudice other than the possibility of a second lawsuit. *See United States ex rel. Vaughn v. United Biologics, L.L.C.*, 907 F.3d 187, 197 (5th Cir. 2018). If granting the motion promises legal prejudice, the Court can deny the motion or impose conditions to cure the prejudice. *See Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317-18 (5th Cir. 2002).

Legal prejudice in this context is somewhat a term of art. That a plaintiff would gain a "tactical advantage" by refiling suit in a different forum is not sufficient "legal prejudice" in this context. *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016). Nor is the bare possibility of incurring additional expenses through continued litigation sufficient in this context. *See Alvarado v. Envolve Client Services Group, LLC*, 653 F. Supp. 3d 351, 358 (W.D. Tex. 2023). Rather, legal prejudice involves issues such as whether the current litigation has limited the non-movant's available defenses. Assessing legal prejudice may include considering the timing of the motion for voluntary dismissal, how much discovery or litigation has been completed, or the statute of limitations on remaining claims. *Id.*; *Robles v. Atlantic Sounding Co.*, 77 F. App'x 274, 275 (5th Cir. 2003).

Here, the Court finds that insufficient legal prejudice would result from granting the motion. To show prejudice, Stolmeier raises only his concern that Guzzetta intends to refile the case and the expense of defending the litigation incurred thus far (and presumably into the future). As noted, the threat of further litigation is not the type of legal prejudice recognized by the Fifth Circuit as sufficient to warrant denying a request to dismiss. *See Vaughn*, 907 F.3d at 197. Further, the costs incurred in defending the litigation don't qualify as legal prejudice in this context either, as they have no impact on Defendants' ability to mount a legal defense in the future.

  **2.** *Stolmeier is not entitled to attorney's fees.* In support of his request for attorney's fees, made in the alternative to the request for with-prejudice dismissal, Stolmeier cites cases indicating that the award of attorney's fees in this context lies in the Court's discretion. *See Yoffe v. Keller Indus., Inc.*, 580 F.2d 126 (5th Cir. 1978); *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601 (5th Cir. 1976); *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295 (5th Cir. 1963). Dkt. No. 30 at 3, 7. The Court declines to exercise that discretion here in part due to the doctrine of *res judicata* and its potential applicability here, as discussed next.

*Res judicata*, also called claim preclusion, bars the relitigation of claims that have already been finally adjudicated. *See Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009). The claims here involve Texas law, and Texas takes a broad, transactional approach to *res judicata*. *Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 630-631 (Tex. 1992). Under this Texas approach, *res judicata* precludes "a second action by the parties and their privies not only on matters actually litigated but also on causes of action or defenses which arise out of the same subject matter, and which might have been litigated in the first suit." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).

Here, the claims at issue arise from the actions and non-actions of Stolmeier as Guzzetta's attorney and Stolmeier's recovery of his attorney's fees in connection with that representation. *See* Dkt. Nos. 1, 20 (describing the previous litigation and asserting the claim before this Court). Stolmeier and Guzzetta litigated Stolmeier's attorney's fees to a final conclusion in an intermediate Texas Court of Appeals. *See* Dkt. No. 8, App. 6. Following that ruling, Guzzetta declined to timely seek review in the Supreme Court of Texas, and so the ruling became final. *See* Tex. R. App. P. 53.7(1) & (2). A second suit in a Texas court arising from the same transaction as was presented in the first case would likely be barred. Indeed, Stolmeier has argued in this Court that the present matter is derived from, and seeks to relitigate, claims already tried and resolved in state court. *See* Dkt. No. 30 at 9. Pursuit of claims that "might have been litigated in the first suit" would be precluded by *res judicata*, *Amstadt*, 919 S.W.2d at 652, and as such Stolmeier would not be materially prejudiced by a subsequent lawsuit.

## Conclusion and Recommendation

For these reasons, it is recommended that Plaintiff's Motion to Dismiss Voluntarily and Without Prejudice, Dkt. No. 25, be **GRANTED.** All other pending motions are therefore **MOOT** and will be mooted by separate text orders.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt

requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **IT IS SO ORDERED**.

    SIGNED this 12th day of November, 2024.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE